UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TIFFANY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-04215-SLD-JEH |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is Plaintiff Tiffany Ward's unopposed Motion for Attorney's Fees, ECF No. 18. Ward makes her request pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. Attorney's fees under § 2412(d) of the EAJA are awarded not to attorneys themselves, but to the litigants they represent. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Here, Ward signed a fee agreement authorizing the payment of attorney's fees to her attorney.[1] See Federal Court Fee Agreement, ECF No. 21.

Ward filed her initial Complaint on December 29, 2016, ECF No. 1, alleging that the Commissioner of Social Security's final administrative decision denying her claim for benefits was not supported by substantial evidence and was contrary to law and regulation. Compl. 1. Ward subsequently moved for summary judgment, ECF No. 9, and, after numerous motions for

---

[1] The Seventh Circuit has interpreted the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), to allow district courts to order fees to be paid directly to the lawyer where, as here, the client assigns the right to fees to her attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer. There is no indication of that in this case, so to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer.").

extension of time to respond, ECF Nos. 10, 11, 12, the Commissioner filed an agreed motion, ECF No. 14, asking the Court to enter judgment against her and remand the case to her for further proceedings under sentence four of 42 U.S.C. § 405(g)—essentially conceding Ward's claims. The Magistrate Judge recommended that the agreed motion be granted, ECF No. 16, and the Court adopted that recommendation in whole, remanding the case to the Commissioner for further proceedings. *See* Dec. 5, 2016 Order, ECF No. 16. The instant EAJA motion followed.

**Attorney's Fees under the EAJA**

Under the EAJA, a successful litigant against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Ward is a "prevailing party" within the meaning of the EAJA, by virtue of having had judgment entered in her favor, and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" conferred prevailing party status under the EAJA); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 79–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Ward's request for attorney's fees was timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees shall, within thirty days of final judgment in the action, submit to the court an application for fees and expenses. The term "final

judgment" refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Melkonyan*, 501 U.S. at 102; *Schaefer*, 509 U.S. at 302 ("[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'— *i.e.*, 30 days after the time for appeal has ended"). Here, Ward filed her Motion for Attorney's Fees on December 23, 2016, 10 days after the judgment entered on December 13. Ward's motion was timely filed.

The last issue with respect to Ward's request for fees under the EAJA is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). In order for the Commissioner's position to be substantially justified it must have reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Ward's application for attorney's fees is unopposed by the Commissioner. The Commissioner thus cannot be said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

I. **Reasonableness of Ward's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable rate. *Id.* This rate is calculated with reference to prevailing market rates, and capped at $125 per hour unless the court determines that an increase in the cost of living or a "special factor, such as the limited availability of qualified attorneys for the proceedings involved" warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). Prior to 2015, plaintiffs seeking an increased fee rate had to show that inflation had increased the cost of providing legal services, and that without a cost-of-living increase, plaintiffs would not have been able to find a lawyer willing to represent them who was capable of competently handling their cases. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011). However, the Seventh Circuit has since overruled and simplified that standard:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

In order to determine the appropriate number of hours worked, the Court turns to Ward's counsel's submitted itemization of hours, ECF No. 20. The itemization states that counsel worked for 11.5 hours on Ward's case. The Court deems all 11.5 hours spent on the case were appropriately billed, including the time spent preparing the motion for fees. *See Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) ("[C]ounsel are entitled to full compensation, including the time spent pursuing requests for fees.").

Ward argues that counsel's work should be compensated at a rate of $192.90 an hour. Mem. Supp. Mot. Fees 4, ECF No. 19. In order to explain and justify the requested amount, she points to the change in the consumer price index ("CPI") for all urban consumers between the time the EAJA was enacted and the month during which counsel performed most of the work on her motion (May 2016). She also supplies the affidavit of counsel, and of a local attorney (from Dubuque, Iowa) to the effect that the rate at which she seeks counsel be compensated is not excessive for similar legal work performed in the geographical area. Dietzenbach Aff., ECF No. 22; Soppe Aff., ECF No. 23.

The Court finds that an increase above the statutory $125 ceiling is warranted both by the change in the CPI and by the assurances contained in the attached affidavits that the rate of compensation sought is not excessive. To determine what fee increase above the statutory ceiling may be authorized, courts have used the ratio CPI at the time the current EAJA's statutory limit of $125 was set (March 1996) to the CPI at the time legal services were rendered. The $125 limit is multiplied by this ratio to determine the proportional change in fee. *See, e.g.*, *Booker v. Colvin*, No. 09-C-1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11-C-2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). Since most of counsel's work on this case was performed in May 2016, when the CPI was $240.236, and the CPI in March 1996 was $155.7, the CPI has grown by a factor of 1.543. *See* Table 24, *CPI Detailed Report: Data for July 2016*, Bureau of Labor Statistics (accessed May 1, 2017), https://www.bls.gov/cpi/cpid1607.pdf. Thus, an increase of the $125 statutory cap to $192.90 is warranted. This is the rate that counsel seeks to bill at, and that the affidavits describe as not excessive.

Thus, for 11.5 hours of work, Ward's total reasonable attorney's fees are $2,218.35. This is the amount she seeks. Mem. Supp. Mot. Fees 5. The Court grants the request.

## CONCLUSION

Ward's unopposed Motion for Attorney's Fees, ECF No. 18, is GRANTED. The Defendant is ORDERED to pay attorney Jodee Dietzenbach $2,218.35 in attorney's fees.

Entered this 1st day of May, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
